# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEILA LENORE,<br>Individually and on behalf of other<br>similarly situated employees and<br>former employees,<br><br>                Plaintiff,<br><br>vs.<br><br>OKLAHOMA BLOOD INSTITUTE,<br>An Oklahoma not for profit corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-17-1326-M<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the Court is defendant's Motion to Dismiss, filed January 4, 2018. On January 30, 2018, plaintiff filed her response, and on February 6, 2018, defendant filed its reply.

I.      Introduction

On December 11, 2017, plaintiff filed the instant action, alleging that she was not properly compensated for hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff brings this action individually and on behalf of other similarly situated employees and former employees. Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), defendant now moves this Court to dismiss plaintiff's collective action claim and plaintiff's allegations of willfulness for failure to state a claim. Specifically, defendant asserts that plaintiff's collective allegations are conclusory and vague and do not rise to the standard of plausibility necessary to survive a motion to dismiss. Defendant also asserts that plaintiff fails to plead sufficient facts to show a willful violation.

II.     Motion to dismiss standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

   A.   Collective action claim

Defendant contends that plaintiff's FLSA collective action claim should be dismissed for lack of fair notice of the putative class. Defendant asserts that plaintiff has not set forth any express parameters that would define the purported class. In order to withstand a motion to dismiss a collective action claim, a plaintiff must give the defendant "fair notice" of the putative class. *See Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 934 (N.D. Tex. 2014). Having carefully reviewed plaintiff's Amended Collective Action Complaint, the Court finds that plaintiff has sufficiently defined her proposed class such that defendant has "fair notice" of the putative class. In her complaint, plaintiff defines the proposed class as follows:

> all current and former Account Consultants, and any other similarly situated OBI employee/former employee:
> a. Who are non-exempt under the FLSA but were wrongfully classified as exempt;
> b. Who were employed by OBI for any time during the period of time three (3) years before each opts-in this action; and
> c. Who were obligated to work more than forty (40) hours in a given workweek, but were not compensated at a rate one and one-half times their regular pay rate for the hours worked in excess of forty (40) hours.

Amended Collective Action Complaint at 10-11.

Accordingly, the Court finds that plaintiff's collective action claim should not be dismissed.

   B.   Willfulness

Defendant also contends that plaintiff has failed to plead sufficient facts to establish a willful violation of the FLSA. An employer acts willfully if it "either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *Mumby v. Pure Energy Servs.*

*(USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (internal quotations and citation omitted). Having carefully reviewed plaintiff's Amended Collective Action Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations of willfulness. Specifically, the Court finds that plaintiff has sufficiently alleged that defendant knew, or should have known, of the FLSA's applicability to plaintiff.

Accordingly, the Court finds that plaintiff's allegations of willfulness should not be dismissed.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss [docket no. 11].

**IT IS SO ORDERED this 16th day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE